LOUIS I. MUND, Plaintiff-Appellee, v. REBECCA BROWN *et al.*, Defendants-Appellants.

Fifth District   No. 5—08—0178

Opinion filed August 21, 2009.

Timothy J. Reichardt and Edward V. Crites, both of Behr, McCarter & Potter, P.C., of St. Louis, Missouri, for appellants Annamalai & Brown and Paul D. Brown.

Erika Anderson and Edward L. Dowd, Jr., both of Dowd, Bennett, LLP, of St. Louis, Missouri, for other appellants.

B. Jay Dowling, of Sterling & Dowling, P.C., of Fairview Heights, for appellee.

JUSTICE SPOMER delivered the opinion of the court:

The defendants, Rebecca Brown, Paul D. Brown, Annamalai & Brown, Robert W. Furkin, and James R. Furkin, appeal from the March 14, 2008, order of the circuit court of St. Clair County that denied the defendants' motion to dismiss the present lawsuit pursuant to section 15 of the Citizen Participation Act (the Act) (735 ILCS 110/15 (West Supp. 2007)). On September 4, 2008, we dismissed, for a lack of appellate jurisdiction, the cross-appeal of the plaintiff, Louis I. Mund, from the February 26, 2007, order that granted defendant Robert W. Furkin's motion to dismiss count XVIII of Mund's second amended complaint. For the following reasons, we now dismiss the defendants' appeal for a lack of appellate jurisdiction.

## FACTS

On February 2, 2006, the plaintiff filed a 23-count second amended complaint alleging, *inter alia*, abuse of process, malicious prosecution, and intentional infliction of emotional distress, arising from a lawsuit the defendants previously filed against the plaintiff in federal court. On December 5, 2006, defendant Robert Furkin filed a motion to dismiss count XVIII against him, which alleged a breach of contract. On February 26, 2007, the court granted Furkin's motion but dismissed count XVII, although it appears from the pleadings and the notice of cross-appeal that the court intended to dismiss count XVIII.

On January 17, 2008, Paul Brown and Annamalai & Brown moved to dismiss counts VI through XV against them pursuant to section 15 of the Act (735 ILCS 110/15 (West Supp. 2007)). The Act aims to protect defendants from "Strategic Lawsuits Against Public Participation" (SLAPPs), which harass citizens for exercising constitutional rights, such as the right to petition the government. See 735 ILCS 110/5 (West Supp. 2007). On February 1, 2008, Robert Furkin and Rebecca Brown also moved to dismiss the lawsuit on the same basis. On March 14, 2008, the trial court denied both motions to dismiss. On April 10, 2008, the defendants filed a timely notice of appeal. On April 17, 2008, the plaintiff filed a timely cross-appeal.

On August 13, 2008, this court, on its own motion, entered a rule-to-show-cause order, addressing the issue of appellate court jurisdiction over both the appeal and the cross-appeal. The order questioned whether the Act violates the separation-of-powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1) because section 20(a) of the Act (735 ILCS 110/20(a) (West Supp. 2007)) grants a right to appeal from an interlocutory order, contrary to Illinois Supreme Court rules. The order also notified the Attorney General and granted her the opportunity to intervene, pursuant to Supreme Court Rule 19(c) (210 Ill. 2d R. 19(c)), for the purpose of defending the legitimacy of section 20(a). In addition, the order questioned whether the cross-appeal was premature because in order for the appellate court to review the dismissal of a single count of a multicount complaint, Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) requires the trial court to find no just reason to delay appeal. The trial court order dismissing count XVIII did not include that finding.

On September 4, 2008, after receiving no response to the show-cause order regarding Rule 304(a), this court entered an order dismissing the cross-appeal for a lack of appellate jurisdiction. On September 17, 2008, the Attorney General responded to the rule to show cause, stating that she elected not to intervene in the appeal. The plaintiff and the defendants filed supplemental briefs addressing the separation-of-power issues raised in the rule to show cause.

## ANALYSIS

The threshold issue in this case is whether we have subject matter jurisdiction over the appeal. "[T]he appellate court has an independent duty to consider its jurisdiction before proceeding to the merits of the case. When jurisdiction is lacking, the court must dismiss the appeal on its own motion." *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994).

We note that "only final judgments or orders are appealable [as of right] unless the particular order falls within one of the *** specified exceptions enumerated by Illinois Supreme Court Rule 307." *Rogers v. Tyson Foods, Inc.*, 385 Ill. App. 3d 287, 288 (2008). In the present case, the appeal is from an order denying two motions to dismiss. However, "[t]he denial of a motion to *** dismiss, of itself, is not a final and appealable order within the purview of *** Supreme Court Rule[ ] 307 ***. It is a mere interlocutory order, which does not *** give this court jurisdiction on appeal." *George F. Mueller & Sons, Inc. v. Daly*, 124 Ill. App. 2d 265, 267 (1970). Thus, we find that supreme court rules do not give us jurisdiction over this case without a final judgment.

The defendants argue that Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)) grants this court jurisdiction because it allows an interlocutory appeal from the denial of an injunction and the defendants' motions to dismiss sought, in essence, an injunction to stop the plaintiff from pursuing a SLAPP suit against them. We find this argument unpersuasive. Under this analysis, every motion to dismiss would be a request for an injunction to stop a lawsuit and would be immediately appealable. Yet, as explained above, motions to dismiss are not final and appealable under Rule 307(a). See *George F. Mueller & Sons, Inc.*, 124 Ill. App. 2d at 267.

In spite of the well-established principle that only final judgments or supreme court rule exceptions give this court jurisdiction to hear appeals, the defendants argue that section 20(a) of the Act confers subject matter jurisdiction on this court. Section 20(a) provides as follows:

> "(a) On the filing of any motion as described in Section 15 ['to dispose of a claim *** on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government' (735 ILCS 110/15 (West Supp. 2007))], a hearing and decision on the motion must occur within 90 days after notice of the motion is given to the respondent. *An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion or from a trial court's failure to rule on that motion within 90 days after that trial court order or failure to rule.*" (Emphasis added.) 735 ILCS 110/20(a) (West Supp. 2007).

The definitions section states, " 'Motion' includes any motion to dismiss, for summary judgment, or to strike, or any other judicial pleading filed to dispose of a judicial claim." 735 ILCS 110/10 (West Supp. 2007). Thus, the defendants argue, section 20(a) of the Act grants them the right to appeal the order denying their motions to dismiss, whether interlocutory or not.

If, for the sake of argument, we were to interpret the language of the Act as the defendants request, to bestow jurisdiction on this court, we would encounter a constitutional conflict. The Illinois Constitution, article VI, section 6, grants the right to appeal from a final judgment only. Ill. Const. 1970, art. VI, §6. However, it gives the right to make rules governing interlocutory appeals exclusively to the supreme court. Ill. Const. 1970, art. VI, §6; *Almgren*, 162 Ill. 2d at 213. If a supreme court rule does not grant the right to appeal from a nonfinal judgment, then there is no right to an interlocutory appeal and the appellate court does not have jurisdiction to hear that appeal. *Hawes v.*

*Luhr Brothers, Inc.*, 212 Ill. 2d 93, 106 (2004). Thus, a statute that claims to give a right to an interlocutory appeal not covered by supreme court rules or to give the appellate court jurisdiction over that appeal would violate article VI, section 6, of the constitution. Such a statute also would violate the separation-of-powers clause in article II, section 1, of the constitution: "The legislative, executive[,] and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, §1.

The supreme court has held other statutes unconstitutional when they granted interlocutory appeals as of right in circumstances not fitting the supreme court rules. In *In re Curtis B.*, the court severed the appeal provision in section 2—28(3) of the Juvenile Court Act of 1987 (705 ILCS 405/2—28(3) (West 1998)) as unconstitutional because the act allowed appeals of permanency orders as a matter of right. *In re Curtis B.*, 203 Ill. 2d 53, 60 (2002). The court found that these permanency orders were not final orders, stating, "A judgment is considered final 'if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or [on] a separate part thereof.' " *In re Curtis B.*, 203 Ill. 2d at 59, quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). Accordingly, the court struck the clause in the statute that allowed appeals as of right, holding that " '[a]ttempts by the legislature to make nonfinal judgments appealable violate article VI, section 6, of our constitution [citation].' " *In re Curtis B.*, 203 Ill. 2d at 60, quoting *Almgren*, 162 Ill. 2d at 213.

Similarly, in *Almgren*, the supreme court held section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1991, ch. 91½, par. 810(b))) unconstitutional:

> "This court has previously held *** that attempts by the legislature to make nonfinal judgments appealable violate article VI, section 6, of our constitution [citation]. [Citation.] By that constitutional provision, the power to authorize appeals from other than final judgments is vested exclusively in this court. [Citation.] To the extent that section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act [citation] attempts to provide for appeals from less than final judgments, it is therefore an unconstitutional infringement by the legislature upon the rulemaking power of this court. [Citations.]" *Almgren*, 162 Ill. 2d at 213.

The supreme court thus vacated the appellate court's opinion and dismissed the appeal for a lack of appellate court jurisdiction. *Almgren*, 162 Ill. 2d at 217. Under the same principles, section 20(a) would not confer jurisdiction on this court in the absence of a final judgment, and to the extent the Act would attempt to provide for appeals from

less than final judgments, it would be unconstitutional. In short, we do not have jurisdiction over this appeal.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal for a lack of appellate jurisdiction.

Appeal dismissed.

WELCH and GOLDENHERSH, JJ., concur.