FIRST DIVISION
November 8, 2010

No. 1-09-3478

ROBERT J. STEIN III,                )    Appeal from the
                                    )    Circuit Court of
     Plaintiff-Appellee,            )    Cook County.
                                    )
v.                                  )
                                    )
CLINTON A. KRISLOV and              )
KRISLOV AND ASSOCIATES, LTD.,       )    The Honorable
                                    )    Allen S. Goldberg,
     Defendants-Appellants.         )    Judge Presiding.


     JUSTICE LAMPKIN delivered the opinion of the court:

     The question before us is whether we have jurisdiction to

review the trial court's order denying a motion to dismiss based

upon the Citizen Participation Act (735 ILCS 110/1 *et seq*. (West

Supp. 2007)).  Defendants, Clinton Krislov and Krislov &

Associates, Ltd. (K&A), filed the motion to dismiss in response

to a libel action brought by plaintiff, Robert Stein.  For the

following reasons, we find that we lack jurisdiction to review

the trial court's order.

FACTS

     Plaintiff is an attorney that was employed by K&A from 1994-

2001.  Krislov is the sole shareholder.  After leaving K&A,

plaintiff and his firm were named as one of three firms

representing the plaintiff on a motion for class certification in

an action in a federal district court in Pennsylvania. While performing unrelated research, Krislov discovered plaintiff's motion for class certification in the Pennsylvania case. Attached to the motion was a description of plaintiff's and his firm's prior experience. On June 13, 2005, Krislov sent an unsigned letter to the judge presiding over the Pennsylvania case, advising that the representations made by plaintiff regarding his experience were "beyond puffing" and were "simply misstatements, known by the filers to be untrue." The federal judge contacted the attorneys for the parties and provided them with a copy of Krislov's letter. On June 24, 2005, plaintiff responded by letter to the federal judge, disputing Krislov's claims and providing supporting documentation to verify plaintiff's and his firm's experience. On July 14, 2005, Krislov sent a reply letter to the federal judge, responding to plaintiff's June 24, 2005, letter. Ultimately, class certification was granted as to count 1 and denied, for reasons unrelated to Krislov's letter, as to counts 2 and 3.

On May 10, 2006, plaintiff filed his first amended complaint against defendants, alleging libel and libel *per se* as a result of Krislov's letter, in addition to claims for vacation and bonus pay allegedly owed to him from his K&A employment. Defendants filed a motion under section 2-619 of the Code of Civil Procedure

1-09-3478

(Code)(735 ILCS 5/2-619 (West 2004)) to dismiss the libel claims, arguing that the June 13, 2005, letter was absolutely privileged. On September 20, 2006, the trial court granted defendant's motion to dismiss the libel claims. In response, plaintiffs filed a motion to reconsider. On December 6, 2006, the trial court reversed its September 20, 2006, order, finding instead that the June 13, 2005, letter was not absolutely privileged. The libel claims were reinstated.

On January 11, 2007, defendants moved to reconsider the December 6, 2006, order. On February 1, 2008, the trial court denied the motion to reconsider, finding that "[a]bsolute privileges must be narrowly construed, and where an attorney has injected himself into litigation with which he has absolutely no connection, we do not find that *any* kind of absolute privilege exists" (emphasis in original), and that Krislov had no absolute duty under the Illinois Rules of Professional Conduct to report misconduct elsewhere.

On February 29, 2008, plaintiff filed a third amended complaint,[1] realleging the libel claim and claims for uncompensated vacation and bonus pay. On August 26, 2009, defendants filed a motion to reconsider the trial court's

---

[1]Plaintiff's second amended complaint is not relevant to this appeal.

-3-

1-09-3478

February 1, 2008, order denying defendants' motion to reconsider the trial court's September 20, 2006, finding that the letter was not absolutely privileged. Defendants additionally filed a motion to dismiss the libel claim based on the Citizen Participation Act (Act). Defendants argued, for the first time, that they were immunized under the Act because the libel suit was filed in response to Krislov's exercise of his constitutional rights to free speech and participation in government.

On November 20, 2009, the trial court denied defendants' motion to reconsider its finding that the letter was not absolutely privileged where defendants relied on Ficaro v. Funkhouser, Vegosen, Liebman & Dunn, Ltd., Nos. 1-07-1469, 1-07-3433 cons. (July 31, 2009)(unpublished order pursuant to Supreme Court Rule 23), to support the allegation that there had been a change in the law. The trial court held that defendants' reliance on an unpublished, nonprecedential order was improper. The trial court further held that the Act, which was enacted on August 28, 2007, could not provide immunity because it was not created until after plaintiff's June 13, 2005, letter and the filing of plaintiff's lawsuit on May 10, 2006, and the Act did not have retroactive application.

Defendants filed a notice of interlocutory appeal citing Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)) and section 20(a) of the Act (735 ILCS 110/20(a) (West Supp. 2007)) on

-4-

1-09-3478

December 17, 2009.

DECISION

The threshold question before us is whether we have jurisdiction to review the trial court's denial of defendants' motion to dismiss plaintiff's libel claim on the basis of the Act. "When jurisdiction is lacking, the court must dismiss the appeal on its own motion." Almgren v. Rush-Presbyterian-St. Luke's Medical Center, 162 Ill. 2d 205, 210, 642 N.E.2d 1264 (1994).

The recently created Act protects against lawsuits known as "Strategic Lawsuits Against Public Participation" (SLAPP) in government. 735 ILCS 110/5 (West Supp. 2007). The Act provides:

"The threat of SLAPPs significantly chills and diminishes citizen participation in government, voluntary public service, and the exercise of these important constitutional rights [to petition, speak freely, associate freely, and otherwise participate in and communicate with government]. This abuse of the judicial process can and has been used as a means of intimidating, harassing, or punishing citizens and organizations for involving themselves in public affairs.

It is in the public interest and it is the purpose of this Act to strike a balance between the rights of

-5-

persons to file lawsuits for injury and the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government; to protect and encourage public participation in government to the maximum extent permitted by law; to establish an efficient process for identification and adjudication of SLAPPs; and to provide for attorney's fees and costs to prevailing movants." 735 ILCS 110/5 (West Supp. 2007).

Defendants contend this court has jurisdiction to review this appeal as an interlocutory appeal based on Rule 307(a) and the language of section 20(a) of the Act. We disagree.

Article VI, section 6, of the Illinois Constitution grants the right to appeal from final judgments. Ill. Const. 1970, art. VI, §6. The Illinois Constitution further states that "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, §6. "There is no corresponding constitutional right to appeal from interlocutory orders of the circuit court. Rather, article VI, section 6, vests this court with the authority to provide for such appeals, by rule, as it sees fit. [Citation.] Except as specifically provided by those rules, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final. [Citation.]"

1-09-3478

<u>Almgren</u>, 162 Ill. 2d at 210. Rule 307 describes the instances when an appeal may be taken from an interlocutory order as of right. 188 Ill. 2d R. 307. In relevant part, Rule 307(a)(1) provides for interlocutory appeals from a trial court order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an *injunction*." (Emphasis added.) 188 Ill. 2d R. 307(a)(1).

An injunction is " 'a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate to restrain upon the party in the exercise of his real or supposed rights.' " <u>In re A Minor</u>, 127 Ill. 2d 247, 261, 537 N.E.2d 292 (1989), quoting <u>Wangelin v. Goe</u>, 50 Ill. 459, 463 (1869). When determining whether a trial court's action constitutes an appealable injunctive order, the substance of the action, not the form, is relevant. <u>In re A Minor</u>, 127 Ill. 2d at 260. Temporary restraining orders and orders staying or denying the stay of proceedings are reviewable. <u>In re A Minor</u>, 127 Ill. 2d at 260-61. In addition, review may be taken from orders compelling arbitration (<u>Glazer's Distribution of Illinois, Inc. v. NWS-Illinois, LLC</u>, 376 Ill. App. 3d 411, 423, 876 N.E.2d 203 (2007)) as well as, in the case of <u>In re A Minor</u>, where there was an order compelling a newspaper not to

-7-

1-09-3478

publish the name of a minor involved in the proceeding (In re A Minor, 127 Ill. 2d at 261). In contrast, denials of motions to dismiss are not reviewable. See, *e.g.*, Murges v. Bowman, 254 Ill. App. 3d 1071, 1084, 627 N.E.2d 330 (1993); In re Petition of Filippelli, 207 Ill. App. 3d 813, 817-18, 566 N.E.2d 412 (1990); Rotary Club of Chicago v. Harry F. Shea & Co., 120 Ill. App. 3d 988, 994, 458 N.E.2d 1002 (1983); People ex rel. Fahner v. Community Hospital of Evanston, 108 Ill. App. 3d 1051, 1056-57, 440 N.E.2d 200 (1982); Lester Witte & Co. v. Lundy, 98 Ill. App. 3d 1100, 1103, 425 N.E.2d 1 (1981).

We recognize that the meaning of "injunction" should be construed broadly (In re A Minor, 127 Ill. 2d at 261); however, the motion to dismiss in this case does not constitute an injunction. Defendants were not required to do anything or forced to refrain from anything as a result of the trial court's order denying their motion to dismiss. Defendants were not restrained in their speech where the trial court issued no directive regarding defendants' ability to speak about the case. In its order, the trial court simply concluded that the Act did not apply to the case at bar because the newly created immunity could not be applied retroactively. Defendants retain the ability to defend Krislov's actions in the underlying lawsuit where they can assert the same arguments in defense of Krislov's

-8-

1-09-3478

letter despite the lack of immunity from the Act.

Although we are not required to follow decisions of other districts (People v. Riley, 209 Ill. App. 3d 212, 568 N.E.2d 74 (1991)), we agree with the Fifth District in Mund v. Brown, 393 Ill. App. 3d 994, 913 N.E.2d 1225 (2009),[2] insofar as it disputed the plaintiff's argument that the denial of a motion to dismiss under the Act is essentially an injunction against the pursuit of a SLAPP (Mund, 393 Ill. App. 3d at 997). The Mund court said "[u]nder [the plaintiff's] analysis, every motion to dismiss would be a request for an injunction to stop a lawsuit and would be immediately appealable." Mund, 393 Ill. App. 3d 997. Simply put, the motion to dismiss here was not injunctive in nature. We, therefore, conclude that jurisdiction was not provided through Rule 307(a)(1).

Notwithstanding, defendants contend that subject-matter jurisdiction is conferred by section 20(a) of the Act. Section 20(a) of the Act provides:

"On the filing of any motion [which includes 'any motion to dismiss, for summary judgment, or to strike,

_____

[2]There are no decisions contrary to Mund and leave to appeal was denied by the supreme court (Mund v. Brown, 234 Ill. 2d 525, 920 N.E.2d 1074 (2009)); therefore, the holding remains undisturbed.

-9-

or any other judicial pleading filed to dispose of a judicial claim' (735 ILCS 110/10 (West Supp. 2007))] as described in Section 15 ['to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government' (735 ILCS 110/15 (West Supp. 2007))], a hearing and decision on the motion must occur within 90 days after notice of the motion is given to the respondent. An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion or from a trial court's failure to rule on that motion within 90 days after that trial court order or failure to rule." 735 ILCS 110/20(a) (West Supp. 2007).

We need not determine whether it was, in fact, the intent of the legislature to confer appellate jurisdiction following the denial of a motion to dismiss pursuant to the Act. It is well established that the supreme court is responsible for the rules governing appeals, not the legislature. Chapman v. United Insurance Co. of America, 234 Ill. App. 3d 968, 971 (1992). "[W]here a rule of the supreme court on a matter within the

-10-

court's authority and a statute on the same subject conflict, the rule will prevail." Chapman, 234 Ill. App. 3d at 972, citing O'Connell v. St. Francis Hospital, 112 Ill. 2d 273, 281, 492 N.E.2d 1322 (1986). The Committee Comments for Rule 307 expressly state that the supreme court rules provide for "all interlocutory appeals" in conjunction with article VI, section 6, of the Illinois Constitution. 188 Ill. 2d R. 307, Committee Comments. Therefore, appellate jurisdiction for interlocutory appeals must originate from the supreme court rules.

We previously determined that the denial of the motion to dismiss in this case was not a final judgment and not injunctive in nature. Though we recognize that statutes are presumed constitutional, if the legislature was attempting to provide appellate jurisdiction from a nonfinal order not falling within the dictates of Rule 307, a constitutional conflict would exist. Mund, 393 Ill. App. 3d at 997. "If a supreme court rule does not grant the right to appeal from a nonfinal judgment, then there is no right to an interlocutory appeal and the appellate court does not have jurisdiction to hear the appeal. [Citation.] Thus, a statute that claims to give a right to an interlocutory appeal not covered by supreme court rules or to give the appellate court jurisdiction over that appeal would violate article VI, section 6, of the constitution. Such a statute also would violate the separation-of-powers clause in article II, section 1, of the

1-09-3478

constitution ***." Mund, 393 Ill. App. 3d at 997-98; see

Almgren, 162 Ill. 2d at 213. Appellate jurisdiction is,

therefore, not conferred by section 20(a) of the Act.

We note that we granted defendants leave to cite the

additional authority of Shoreline Towers Condominium Assoc. v.

Gassman, Nos. 1-08-2438, 1-09-2180 cons. (September 30, 2010).

After reviewing Gassman, we find the case did not address the

question of jurisdiction under the Act. We, therefore, find that

Gassman is of no assistance to our decision.

Finally, we decline defendants' request to adopt the federal

"collateral order doctrine." The collateral order doctrine was

announced by the Supreme Court in Cohen v. Beneficial Industrial

Loan Corp., 337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 (1948),

and is designed to address a limited set of nonfinal orders that

"finally determine claims of right separable from, and collateral

to, rights asserted in the action, too important to be denied

review and too independent of the cause itself to require that

appellate consideration be deferred until the whole case is

adjudicated." Cohen, 337 U.S. at 546, 93 L. Ed. at 1536, 69 S.

Ct. at 1225-26. It is beyond our authority to adopt the federal

collateral order doctrine where no such doctrine exists under

Illinois law and no Illinois courts have done so in the 60 years

since the doctrine was pronounced. See People v. Miller, 35 Ill.

2d 62, 67, 219 N.E.2d 475 (1966).

-12-

1-09-3478

CONCLUSION

We dismiss this appeal for lack of jurisdiction.

Dismissed.

HALL, P.J., and HOFFMAN, J., concur.