# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Van Der Hooning v. Board of Trustees of the University of Illinois*,
**2012 IL App (1st) 111531**

| | |
|---|---|
| Appellate Court Caption | ROBERT VAN DER HOONING, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, AVIJIT GHOSH, LARRY DEBROCK, DAVID IKENBERRY, AND SANDY FRANK, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1531 |
| Filed | May 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging violations of the State Officials and Employees Ethics Act, the appellate court did not have jurisdiction to review the trial court's denial of defendants' motion to dismiss on the ground that another action was pending in the Court of Claims between the same parties for the same cause, since the denial of the motion to dismiss was not a final and appealable order and the denial was not appealable under Supreme Court Rule 307, but the trial court did not abuse its discretion in denying defendants' alternative request to stay the proceedings due to the pending action in the Court of Claims, because the action in the Court of Claims was stayed to allow plaintiff to exhaust his remedies in the trial court, and under the circumstances, the denial of the motion to stay was not arbitrary or beyond the bounds of reason. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-011858; the Hon. Brigid Mary McGrath, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Pugh, Jones & Johnson, P.C., of Chicago (Dennis P.W. Johnson and Jonathan B. Cifonelli, of counsel), and Thomas, Mamer & Haughey, LLP, of Champaign (William J. Brinkmann, of counsel), for appellants. |
| | Miller Shakman & Beem LLP, of Chicago (Michael L. Shakman and Gabriel Bankier Plotkin, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. |
| | Presiding Justice Quinn and Justice Cunningham concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff, Robert Van Der Hooning, filed a verified complaint in the circuit court of Cook County against the Board of Trustees of the University of Illinois (Board)[1], Avijit Ghosh, Larry DeBrock, David Ikenberry, and Sandy Frank alleging violations of the State Officials and Employees Ethics Act (Ethics Act) (5 ILCS 430/15-5 to 15-40 (West 2010)).[2] Defendants filed a motion to dismiss pursuant to section 2-619(a)(3) of the Illinois Code of Civil Procedure (Code) alleging that there is another cause of action pending between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 2010). In the alternative, defendants requested a stay of the proceedings. 735 ILCS 5/2-619(a)(3) (West 2010). The circuit court denied defendants' motion to dismiss and their alternative request for a stay pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010).

¶ 2    Defendants raise the following issues on appeal: (1) whether the circuit court abused its discretion when it denied defendants' motion to dismiss pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2010)); and in the alternative, (2) whether the circuit court erred when it denied defendants' motion to stay pursuant to section 2-619(a)(3)

---

[1]Defendant Board of Trustees of the University of Illinois is the governing body of the University of Illinois at Urbana-Champaign.

[2]The defendants have been represented by the same counsel and have presented a united defense at all times in defending this action. We will refer to the defendants, including the Board, collectively unless noted.

of the Code (735 ILCS 5/2-619(a)(3) (West 2010)).[3] We hold that this court does not have jurisdiction to review whether the circuit court erred in denying defendants' motion to dismiss pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2010)) because it is not a final and appealable order and it does not qualify as an interlocutory appeal as of right under Illinois Supreme Court Rule 307. Ill. S. Ct. R. 307 (eff. Feb. 26, 2010). Additionally, we hold that the circuit court did not abuse its discretion when it denied defendants' alternative request to stay proceedings pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010).

¶ 3                                           JURISDICTION

¶ 4        On May 3, 2011, the circuit court denied defendants' section 2-619(a)(3) motion to dismiss and their alternative request that plaintiff's case be stayed. 735 ILCS 5/2-619(a)(3) (West 2010). On June 2, 2011, defendants filed their notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307. Ill. S. Ct. R. 307 (eff. Feb. 26, 2010).

¶ 5        Plaintiff argues this court does not have jurisdiction to review whether the circuit court erred in denying defendants' motion to dismiss pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010). Plaintiff does not contest this court's jurisdiction to hear whether the circuit court erred in denying defendants' alternative request that the matter be stayed pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010). In their reply brief, defendants assert jurisdiction is proper under Rule 307(a). Ill. S. Ct. R. 307 (eff. Feb. 26, 2010).

¶ 6        Unless a supreme court rule or statute provides appellate jurisdiction, this court only has jurisdiction to review appeals from final judgments. *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395, 415 (2007). The circuit court's denial of a motion to dismiss is not a final and appealable order but, rather, is an interlocutory order. *Id.* ("It is *** well settled in this state that a trial court's denial of a motion to dismiss is an interlocutory order that is not final and appealable."); *Pizzato's Inc. v. City of Berwyn*, 168 Ill. App. 3d 796, 798 (1988). Rule 307(a), under which defendants brought this appeal, lists specific instances in which an interlocutory appeal is allowed as of right. Ill. S. Ct. R. 307 (eff. Feb. 26, 2010). Rule 307(a), provides in relevant part:

---

[3]Before this court, defendants raised a third issue on appeal that they concede has been rendered moot. One of the defendants, the Board, had filed a petition for the common law writ of *certiorari* in the chancery division of the circuit court of Cook County. On the same day it filed its petition in the chancery division, the Board also filed a motion to stay the proceedings in the case at bar, which was being heard in the law division of the circuit court. Defendants appealed the law division's subsequent denial of their motion to stay proceedings pending the outcome of the petition for the common law writ of *certiorari* in the chancery division. On June 3, 2011, the petition before the chancery division of the circuit court was transferred and consolidated with the case at bar in the law division. On December 19, 2011, the circuit court granted plaintiff's motion to dismiss the Board's petition for the common law writ of *certiorari*. Accordingly, the issue has been rendered moot by the dismissal of the Board's petition.

"(a) *** An appeal may be taken to the Appellate Court from an interlocutory order of the court:

(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;

(2) appointing or refusing to appoint a receiver or sequester;

(3) giving or refusing to give other or further powers or property to a receiver or sequester already appointed;

(4) placing or refusing to place a mortgagee in possession of mortgaged premises;

(5) appointing or refusing to appoint a receiver, liquidator, rehabilitator, or other similar officer for a bank, savings and loan association, currency exchange, insurance company, or other financial institution, or granting or refusing to grant custody of the institution or requiring turnover of any of its assets;

(6) terminating parental rights or granting, denying or revoking temporary commitment in adoption proceedings ***;

(7) determining issues raised in proceedings to exercise the right of eminent domain ***." Ill. S. Ct. R. 307 (eff. Feb. 26, 2010).

¶ 7     In this case, the denial of defendants' motion to dismiss was not a final and appealable order but, rather, an interlocutory order. *State Farm Mutual Automobile Insurance Co.*, 226 Ill. 2d at 415. The denial of defendants' motion to dismiss does not fall under any of the specific Rule 307 instances that would allow an interlocutory appeal as of right. Accordingly, we are without jurisdiction to consider whether the circuit court erred in denying the motion to dismiss pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010).

¶ 8     In contesting plaintiff's challenge to jurisdiction, defendant relies on the Fifth District's decision in *Crain v. Lucent Technologies, Inc.*, 317 Ill. App. 3d 486 (2000). The defendants in *Crain*, similarly, argued that the circuit court should have dismissed, or in the alternative stayed, proceedings pursuant to section 2-619(a)(3) of the Code because of another action pending between the same parties in federal court. *Id.* at 495. The panel in *Crain* affirmed the circuit court's denial of the defendants' motion to stay or to dismiss the cause of action pursuant to section 2-619(a)(3). *Id.* at 496. We find defendants' reliance on *Crain* misplaced because the *Crain* court did not address whether it had jurisdiction to consider a denial of a motion to dismiss. Further, we are not bound by the Fifth District's decision in *Crain.* See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (under the doctrine of *stare decisis,* "the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels").

¶ 9     Unlike *Crain*, our own district's decision in *Stein v. Krislov*, 405 Ill. App. 3d 538 (2010), addresses whether this court had jurisdiction to hear a motion to dismiss. In *Stein*, this court held that a motion to dismiss brought pursuant to section 2-619 of the Code was not injunctive in nature and Rule 307(a)(1) did not provide jurisdiction. *Id.* at 539-42; see also *Mund v. Brown*, 393 Ill. App. 3d 994, 997 (2009) (5th Dist.) ("motions to dismiss are not final and appealable under Rule 307(a)"). Additionally, our supreme court has stated that "a trial court's denial of a motion to dismiss is an interlocutory order that is not final and

-4-

appealable." *State Farm Mutual Automobile Insurance Co.*, 226 Ill. 2d at 415.

¶ 10 Although we are without jurisdiction to consider defendant's first issue, whether the circuit court erred in denying its motion to dismiss, we do have jurisdiction to consider defendants' remaining issue, whether the circuit court erred in denying defendants' alternative request that the matter be stayed pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010); see Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010) (which provides, in relevant part, that an appeal may be taken from a circuit court's interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction"); *Stein*, 405 Ill. App. 3d at 541 ("orders staying or denying the stay of proceedings are reviewable"); *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 69-70 (2007) ("it is well settled that the denial of a motion to stay proceedings may be treated as a denial of a request for a preliminary injunction, and this may form the basis for an interlocutory appeal as of right pursuant to Supreme Court Rule 307(a)(1)"). Plaintiff does not dispute that we have jurisdiction to review whether the circuit court erred in denying defendants' motion to stay the proceedings.

¶ 11 Accordingly, we will not consider whether the circuit court erred in denying defendants' motion to dismiss pursuant to section 2-619(a)(3) of the Code, but we will review whether the circuit court erred in denying defendants' alternative request that the case be stayed pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010).

¶ 12                                          BACKGROUND

¶ 13 Plaintiff, a former assistant dean at the University of Illinois College of Business, filed a complaint against defendants in the Illinois Court of Claims in December of 2006 alleging a violation of the whistleblower protection provisions of the Ethics Act. 5 ILCS 430/15-5 to 15-40 (West 2010). In 2009, while the parties were litigating the dispute before the Court of Claims, the General Assembly amended the Ethics Act. 5 ILCS 430/15-25 (West 2010) (amended by Pub. Act 96-555 (eff. Aug. 18, 2009)). Prior to the amendment, only the Court of Claims had subject matter jurisdiction over claims brought under the Ethics Act. The amendment to the Ethics Act provided, in relevant part:

"Remedies. The State employee may be awarded all remedies necessary to make the State employee whole and to prevent future violations of this Article. *The circuit courts of this State shall have jurisdiction to hear cases brought under this Article.*" (Emphasis added.) 5 ILCS 430/15-25 (West 2010).

In April of 2010, defendants filed a motion to dismiss the cause of action in the Court of Claims, arguing that the amendment to the Ethics Act divested the Court of Claims of its subject matter jurisdiction. In August of 2010, the Court of Claims ordered that defendants' motion to dismiss be held in abeyance, placed the matter on the general continuance calendar "while [plaintiff] pursues exhaustion of his remedy in the Circuit Court," and allowed discovery to proceed on the matter while on the general continuance calender.

¶ 14 Defendants' subsequent motion to reconsider was denied. In its order, the Court of Claims noted that "no court, including the Court of Claims has, to date, rendered a decision on the application of the 2009 Amendments to the Ethics Act. As such, subject matter

jurisdiction is still undecided." When ordering the general continuance, the Court of Claims acknowledged that it "abhors duplicative and wasteful litigation," but that "there are many instances (and [plaintiff] cites examples) where the interests of justice allow for staying but not dismissing an action while the litigants pursue a remedy on the same facts in a different Court."

¶ 15    On October 15, 2010, plaintiff filed his verified complaint in the circuit court of Cook County asserting the same Ethics Act claim against defendants. On December 27, 2010, defendants filed a motion to dismiss, or in the alternative to stay the circuit court proceedings pending the resolution of the Court of Claims action, pursuant to section 2-619(a)(3) of the Code.[4] 735 ILCS 5/2-619(a)(3) (West 2010). In their motion, defendants argued that the Court of Claims retained jurisdiction over the matter despite defendants' claim that the Court of Claims does not have jurisdiction and, therefore, another action was pending between the parties for the same cause. Defendants argued that principles of comity favor the circuit court giving deference to the Court of Claims, the court in which the case had been heard for the previous four years. Deference to the Court of Claims would also avoid duplicative litigation. Defendants argued that since they have already spent years in litigation in the Court of Claims, dismissal would prevent multiplicity, vexation and harassment. Defendants argued further that the Court of Claims would provide complete relief. Finally, defendants argued plaintiff would suffer no prejudice from a dismissal because his case in the Court of Claims remained open.

¶ 16    In response, plaintiff argued defendants were attempting to deprive him "of any forum in which to get justice." Plaintiff pointed out that defendants argued before the Court of Claims that the circuit court was the proper forum, but argued before the circuit court that the Court of Claims was the proper forum. Plaintiff maintained that the Court of Claims held the case in abeyance so that he would have a forum to pursue his claim. He argued that issues of comity favor not dismissing or staying his case in the circuit court because there is no risk of duplicative litigation or inconsistent decisions because the Court of Claims case was stayed while the circuit court made its decision. Plaintiff also argued that defendants' actions have driven up the cost of litigation and constitute harassment.

¶ 17    In reply, defendants maintained that the Court of Claims' retention of jurisdiction caused duplicative proceedings with the possibility of conflicting decisions.

¶ 18    On May 3, 2011, the circuit court denied defendants' motion to dismiss or, in the alternative, to stay the proceedings pursuant to section 2-619(a)(3) of the Code. The circuit court stated:

"I think this court has jurisdiction under that amendment. And out of the interest of comity, I am not going to touch [the Court of Claims] order, but I am going to exercise jurisdiction in this case because I attribute [the Court of Claims] order as the staying of

_____

[4]Defendants also moved to dismiss the proceedings pursuant to section 2-619(a)(5) of the Code alleging that the cause of action was time-barred and requested, in the alternative, that the circuit court find the Court of Claims order staying the case void for lack of subject matter jurisdiction. However, defendants have not raised either of these issues before this court.

anything before it until we–until this court takes jurisdiction over it."

The circuit court also found that because the Court of Claims stayed the matter, double litigation was not a concern.

¶ 19    On June 2, 2011, defendants timely filed a notice of interlocutory appeal pursuant to Rule 307(a)(1). Ill. S. Ct. R. 307 (eff. Feb. 26, 2010). This appeal followed.

¶ 20    On December 19, 2011, after briefing before this court closed, the circuit court entered the following order:

> "At the Court's suggestion, [plaintiff] stipulates that if his claims in case No. 10 L 011858 are (a) resolved on the merits in the Circuit Court of Cook County and all appeals and petitions for review from such determination have been exhausted, or (b) dismissed with prejudice pursuant to a settlement to which he has agreed, he will voluntarily dismiss with prejudice all his claims in Court of Claims Case No. 07 CC 1856."

¶ 21                                    ANALYSIS

¶ 22    The one issue before this court is whether the circuit court abused its discretion in denying defendants' motion to stay pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2010)) based on a pending action between the parties for the same cause. Defendants argue that the circuit court abused its discretion because the same action between the same parties was pending before the Court of Claims. Defendants maintain that a stay of proceedings would avoid duplicative litigation and possible inconsistent outcomes. They further argue that comity requires that the circuit court proceedings be stayed so that the Court of Claims can conclude its proceedings. Defendants assert that they are facing multiple actions and that plaintiff's conduct is vexatious because, although the Court of Claims stayed the proceedings, it allowed discovery to continue. Additionally, defendants argue that the circuit court erred by not considering that the Court of Claims is more likely to provide complete relief.

¶ 23    In response, plaintiff argues that the circuit court did not abuse its discretion as its decision was not arbitrary and not unreasonable. Plaintiff stresses that the Court of Claims action when ordering the general continuance was a stay pending the outcome of the circuit court proceedings and, thus, duplicative litigation is not a problem in this case. Further, he argues that the Court of Claims directed him to file his suit in the circuit court after defendants had filed a motion to dismiss his Court of Claims action. Plaintiff maintains that principles of comity require that the Court of Claims wait until the circuit court determines which court properly has jurisdiction. Although the Court of Claims allowed discovery to proceed, plaintiff states "[t]here is no open discovery that has [taken] or will take place" and that discovery closed in the Court of Claims on March 12, 2010. Plaintiff also argues that he is the victim of vexatious and harassing conduct by defendants, whose actions show they are attempting to delay the proceedings to increase costs. He believes that the circuit court acted properly so the proper forum for his cause of action could be determined.

¶ 24    Section 2-619(a)(3) of the Code allows for a stay of a cause of action if "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2010). When proceeding under section 2-619 of the Code, the legal sufficiency of the

-7-

complaint is admitted. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 396 (2009). The purpose of section 2-619(a)(3) of the Code is to prevent duplicative litigation. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986). However, "[a]lthough the purpose of the law is to avoid duplicative litigation, a circuit court is not automatically required to dismiss or stay a proceeding under section 2-619(a)(3) even when the 'same cause' and 'same parties' requirements are met." *Zurich Insurance Co. v. Baxter International, Inc.*, 173 Ill. 2d 235, 243 (1996); see also *Kellerman*, 112 Ill. 2d at 447 (" 'The more reasonable construction [of section 2-619(a)(3)] is that the circuit court possesses some degree of discretion in ruling upon the motion *** that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines both actions should proceed.' " (quoting *A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 252-53 (1980))).

¶ 25    The circuit court, when deciding whether or not a stay of proceedings under section 2-619(a)(3) of the Code is appropriate, should consider the following factors: "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum." *Kellerman*, 112 Ill. 2d at 447-48. We note that this court has held that each of the above individual factors does not always necessarily apply to each section 2-619(a)(3) motion nor are courts required to apply them. *Overnite Transportation Co. v. International Brotherhood of Teamsters*, 332 Ill. App. 3d 69, 76 (2002). Further, these "factors are not all inclusive and do not limit a trial court from considering other factors which bear on exercising its discretion." *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 617 (1994). This court has defined comity as " 'giving respect to the laws and judicial decisions of other jurisdictions out of deference.' " *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1096 (2000) (quoting *May v. SmithKline Beecham Clinical Laboratories, Inc.*, 304 Ill. App. 3d 242, 248 (1999)). The circuit court must also weigh the policy of avoiding duplicative litigation against the possible prejudice to the nonmovant if the motion is granted. *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 785-86 (1998).

¶ 26    We will not reverse the circuit court's decision on a motion to stay pursuant to section 2-619(a)(3) of the Code absent an abuse of discretion. *Kellerman*, 112 Ill. 2d at 447. In deciding whether the circuit court abused its discretion, we will only reverse if the circuit court "acted arbitrarily or beyond the bounds of reason or without recognition of the principles of law." *Kaden*, 263 Ill. App. 3d at 618.

¶ 27    In this case, there is no dispute that the action plaintiff filed in the Court of Claims and the action he filed before the circuit court are the same cause of action with the same parties. However, this does not mean defendants' motion to stay pursuant to section 2-619(a)(3) of the Code should have been automatically granted. See *Hapag-Lloyd*, 312 Ill. App. 3d at 1096 ("Even assuming that the same party and same cause requirements had been met, section 2-619(a)(3) does not mandate automatic dismissal or stay."). We hold that the circuit court properly exercised its discretion in denying defendants' motion to stay pursuant to section 2-619(a)(3) of the Code. The case is stayed before the Court of Claims and discovery is closed; therefore, there is no threat of duplicative litigation or inconsistent decisions. The factors addressing the likelihood of complete relief and the *res judicata* effect of a judgment

in another forum are not applicable because the Court of Claims stayed the matter to allow plaintiff to exhaust his remedy in the circuit court. Based on the orders entered by the Court of Claims, it will not make any substantive rulings until after plaintiff has exhausted his remedies in the circuit court. Additionally, on December 19, 2011, plaintiff stipulated that he would voluntarily dismiss his Court of Claims action with prejudice if his claims before the circuit court are "(a) resolved on the merits *** and all appeals and petitions for review from such determination have been exhausted, or (b) dismissed with prejudice pursuant to a settlement to which he has agreed." Accordingly, the case is proceeding solely in the circuit court and there is no threat of duplicative litigation or inconsistent decisions. Moreover, plaintiff's December 19, 2011, stipulation ensures that plaintiff will not attempt to revive litigation before the Court of Claims after a future settlement or if the circuit court resolves the issue on the merits.

¶ 28    In regard to the interest of comity, it is best served in this case by the denial of defendants' motion to stay. Both the order entering the stay and the denial of defendants' motion to reconsider entered by the Court of Claims show that the Court of Claims stayed the proceedings so plaintiff could exhaust his remedies before the circuit court. This is consistent with, and gives deference to, the Court of Claims' decision to stay the matter before it. Despite defendants' assertions otherwise, the denial of their motion to stay is not vexatious nor does it constitute harassment.

¶ 29    We find unpersuasive defendants' assertion that the circuit court erred because it did not make a specific finding stating that it weighed the policy of avoiding duplicative litigation against the prejudice to the plaintiff if the motion had been granted. We note that the circuit court is not required to utilize all of the factors in all instances. *Overnite Transportation Co.*, 332 Ill. App. 3d at 76. Although the circuit court did not make a specific finding regarding this factor, duplicative litigation is not an issue because the Court of Claims stayed the case. The circuit court's ruling satisfied the policy of avoiding duplicative litigation by acknowledging that the Court of Claims case was held in abeyance so that the plaintiff could exhaust his circuit court remedies. Had the circuit court granted defendants' motion to stay, plaintiff would have been prejudiced in being forced to convince either the Court of Claims or the circuit court to take action because both courts would have had issued a stay. He would have had a case before the Court of Claims that was stayed pending the circuit court's decision and a case stayed before the circuit court pending action by the Court of Claims. The circuit court's decision to assert jurisdiction in this case complies with the goal of section 2-619(a)(3) of the Code of preventing duplicative litigation. *Kellerman*, 112 Ill. 2d at 447.

¶ 30    We hold the circuit court did not abuse its discretion in denying defendants' motion to stay pursuant to section 2-619(a)(3) of the Code. 735 ILCS 5/2-619(a)(3) (West 2010). Plaintiff's case before the Court of Claims was stayed to allow plaintiff to exhaust his remedies before the circuit court, which is exactly what he is attempting to do. We cannot say, based on the unique circumstances of this case, that the circuit court "acted arbitrarily or beyond the bounds of reason." *Kaden*, 263 Ill. App. 3d at 618. Accordingly, we affirm the circuit court's denial of defendants' motion to stay the proceedings pursuant to section 2-619(a)(3) of the Code.

¶ 31                           CONCLUSION

¶ 32        The judgment of the circuit court is affirmed.

¶ 33        Affirmed.