2026 IL App (1st) 251279-U
Order filed: June 10, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-1279

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| *In re* ESTATE OF LATRESE JOHNSON, a Disabled Person | ) ) ) | Appeal from the Circuit Court of Cook County. |
| (Stephanie Johnson, as Plenary Guardian of the Estate of Latrese Johnson, a Disabled Person, and as trustee of the Latrese Johnson OBRA '93 Trust, | ) ) ) ) | No. 98 P 4539 |
| Petitioner-Appellant). | ) ) ) ) | Honorable Stephanie K. Miller, Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:   This appeal is dismissed for lack of appellate jurisdiction.

¶ 2     Petitioner-appellant, Stephanie Johnson, as the plenary guardian of the estate and person of Latrese Johnson, a disabled person, and trustee of the Latrese Johnson OBRA '93 Trust (Trust), appeals from the circuit court's order directing that the Fourth Current Account of the Trust be amended to include the receipt and disbursement of all Social Security Income (SSI) benefits received by Stephanie, as representative payee for Latrese Johnson and order denying her motion to reconsider. We dismiss for lack of appellate jurisdiction.

¶ 3    On June 10, 1998, Latrese, who suffers from cerebral palsy, seizure disorder, and brain damage as the result of a skull fracture, was adjudicated a disabled person. Stephanie, Latrese's mother, was appointed plenary guardian of her estate and person.

¶ 4    On August 10, 1998, Stephanie filed the inventory of the real and personal property of Latrese. The inventory included one savings account and two certificates of deposit, which were held in Latrese's name. Withdrawals from these accounts were subject to prior court approval. The inventory also included Latrese's right to receive SSI benefits.

¶ 5    On that same day, Stephanie filed a "petition to approve care and support expenditures for the ward and for other relief." Relevant here, Stephanie informed the court that she re-designated Latrese's savings account and certificates of deposit such that they were held in Stephanie's name, as plenary guardian of the estate of Latrese. Withdrawals from these accounts were still subject to court approval. Stephanie also stated that Latrese receives SSI monthly from the Social Security Administration (SSA) and she was named as the representative payee for those benefits.

¶ 6    On April 28, 2005, the circuit court, on its own motion, appointed Jean Adams as guardian *ad litem* (GAL) to prepare a trust under the Omnibus Budget Reconciliation Act of 1993 (OBRA '93) for the benefit of Latrese. On June 2, 2005, the circuit court approved the Trust.

¶ 7    On November 20, 2013, the circuit court reappointed Adams as GAL for Latrese to investigate a request made by Stephanie for a withdrawal. On December 18, after reviewing the court file, Adams filed a report (2013 GAL Report). Adams found that from 1998 to 2012, the circuit court approved $29,771 in disbursements and concluded that no financial abuse or excessive spending from the Trust had occurred. That same day, the circuit court held a hearing on the 2013 GAL Report. The Illinois Attorney General's Office received notice, appeared at the

hearing, and had no objection to the withdrawals. The circuit court approved the 2013 GAL Report, approved Stephanie's request for withdrawal, and discharged the GAL.

¶ 8    On July 20, 2016, the circuit court reappointed Adams as GAL to investigate an Adult Protective Services (APS) report of alleged abuse (2016 APS Investigation). On August 9, 2016, the circuit court held a hearing on the status of the 2016 APS Investigation. The circuit court ordered that Stephanie take a caregiver class and that the GAL submit a written report. On September 19, the circuit court ordered that a caseworker from Metropolitan Family Services appear and indicate its position on the 2016 APS Investigation. After a hearing on the oral report of the caseworker, who advised the circuit court that Latrese was not at risk for abuse, neglect, or exploitation and that he was closing the file, the circuit court ordered that the 2016 APS Investigation was substantially resolved and discharged the GAL.

¶ 9    On March 7, 2019, the circuit court entered an order directing Stephanie to present an accounting covering January 1, 2013, to December 31, 2018. On May 23, 2019, Stephanie presented the First Current Account. The First Current Account did not report Latrese's SSI benefits. The First Current Account was approved on May 23, 2019. The circuit court later approved the Second Current Account on November 10, 2021, and the Third Current Account on December 31, 2022. The Second and Third Current Accounts did not include SSI benefits.

¶ 10    On September 3, 2024, the circuit court appointed Shirley Gallant as GAL to investigate an APS report of alleged abuse (2024 APS Investigation).

¶ 11    On December 3, 2024, Stephanie presented a petition for disbursements to the circuit court. The circuit court granted the petition directing that a check payable to Stephanie be issued for the purchase of "a television, boots and clothing for Latrese." The court further set the matter to

February 19, 2025, and directed Stephanie to provide receipts for the purchases with the presentment of the Fourth Current Account.

¶ 12    On February 18 and March 14, 2025, Stephanie filed receipts for disbursements authorized by the December 3 Order, indicating that she purchased clothing, boots, a talking watch, headphones, a fish tank, a stuffed animal, and a lunch cooler.

¶ 13    On February 19, 2025, the court held a hearing on the presentation of the Fourth Current Account and issues regarding the 2024 APS investigation. As to the Fourth Current Account, the court inquired into whether SSI benefits should be included. Stephanie argued that federal law preempted state court review of SSI benefits. The circuit court continued the matter to March 26 to review federal cases cited by Stephanie. As to the 2024 APS Investigation, the GAL found no concern or safety issue.

¶ 14    On February 20, 2025, Stephanie filed a memorandum regarding SSI benefits, arguing that SSI benefits are paid and administered by the SSA, a federal agency, and therefore the SSA has exclusive jurisdiction and authority over the payment and use of SSI benefits for disabled recipients.

¶ 15    At the March 26, 2025, hearing regarding whether the Fourth Current Account should include SSI benefits, Stephanie, Stephanie's counsel of record, and the GAL were present. Stephanie argued that the SSA has exclusive jurisdiction over funds that are paid to an individual appointed as the representative payee by the SSA and therefore, the circuit court does not have jurisdiction over those funds. Stephanie also argued that if SSI benefits were added to the Trust, Latrese would be disqualified from Medicaid. The GAL responded, "I've never heard of this before. In my experience, you know, [SSI benefits] has always been included as part of the budget.

And this is the first time that I'm hearing this and reading this. *** I have nothing else to say. Like I said, it's the first time I've run into this."

¶ 16     The circuit court disagreed with Stephanie's interpretation of the case law finding that "[n]either of the cases nor the statute cited indicate that state courts have no authority to monitor, receive information" regarding government assistance, including SSI benefits. The circuit court recognized that the issue of SSI benefits had not been raised on previous accountings but noted that it now had concerns with Stephanie's management of funds due to the 2024 APS Investigation. Stephanie requested that "Supreme Court 304(a) language be included within the written ruling so that steps can be taken to seek review if necessary." The circuit court agreed.

¶ 17     On March 31, 2025, the circuit court entered a detailed order (March 31 Order) denying Stephanie's request to exclude SSI benefits and expenditures from the accounting and directing Stephanie to amend the Fourth Current Account to include SSI benefits. The order further stated that "[t]hese findings and this Court's orders are made as special findings consistent with Supreme Court Rule 304(a) for purposes of appeal."

¶ 18     On April 29, 2025, Stephanie filed a motion to reconsider the circuit court's March 31 Order, which the circuit court denied on June 9 (June 9 Order).

¶ 19     Stephanie appealed. On appeal, Stephanie filed an appellant's brief. No other appearance was made. This court entered an order taking the case on the record and appellant's brief.

¶ 20     On appeal, Stephanie argues that the circuit court, after reviewing the Fourth Current Account, erred in directing her to provide a detailed accounting of SSI benefits. Specifically, Stephanie argues that the circuit court does not have jurisdiction to oversee the SSI benefits paid to a representative payee appointed by the SSA.

¶ 21    Before addressing the merits, we have an independent duty to consider whether we have jurisdiction over an appeal and to dismiss the appeal where our jurisdiction is lacking. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011) (citing *Mund v. Brown*, 393 Ill. App. 3d 994, 996 (2009)). Stephanie, in her jurisdictional statement, asserts that this court has jurisdiction under Rule 304(a), in that the circuit court "made the requisite findings," and Rule 304(b)(1) in that the March 31 Order finally determined a right or status of a party. Stephanie does not provide any further support or argument as to our jurisdiction.

¶ 22    Generally, we have jurisdiction to hear appeals from final orders that dispose of every claim, which means, any right, liability, or matter that has been raised in an action. *AT & T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 19; *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20. "[Illinois Supreme Court] Rule 301 [(eff. Feb. 1, 1994)] governs appeals from cases in which a final order has disposed of the entire controversy, and Rule 303 [(Ill. S. Ct. R. 303 (eff. Jul. 1, 2017))] sets forth the requirements that must be met for the preparation and filing of appeals from judgments in civil cases." *In re Alexis H.*, 335 Ill. App. 3d 1009, 1012 (2002). Alternatively, Rule 304 provides exceptions to the general rule that our jurisdiction is limited to appeals from final orders that dispose of every claim that has been raised in an action. Ill. S. Ct. R. 304 (eff. March 8, 2016). Under Rule 304(a), "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Rule 304(b)(1) allows for appeals without the special finding required by 304(a) from a judgment or order "entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016).

¶ 23      Stephanie does not assert that we have jurisdiction over this appeal under Rules 301 or 303. Rule 301 applies only to "appeals from cases in which a final order has disposed of the entire controversy." *In re Alexis H.*, 335 Ill. 3d 1009, 1012 (2002). However, the March 31 Order and June 9 Order did not terminate the guardianship proceedings and neither were a final judgment under Rule 301. Instead, Stephanie argues that the March 31 Order was appealable under 304(a).

¶ 24      Under Rule 304(a), the March 31 Order was not appealable unless it was a final judgment as to one or more but fewer than all of the parties or claims and accompanied by the circuit court's express written finding that there was "no just reason for delaying either enforcement or appeal or both." *Palmolive Tower*, 409 Ill. App. 3d at 544. An order that characterizes itself as "final and appealable" is not adequate. *Shelter Mutual Insurance Co. v. Flynn*, 2020 IL App (1st) 191123, ¶ 35; *In re Marriage of Sanchez and Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 27; *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 21; *Palmolive*, 409 Ill. App. 3d at 544. It is also not adequate that the order specifically cites Rule 304(a). *In re Marriage of Morgan*, 2019 IL App (3d) 180560, ¶ 13 ("Rule 304(a) is not unduly burdensome, and simply mentioning appealability while vaguely referencing Rule 304 'and other applicable rules' does not confer appellate jurisdiction.").

¶ 25      Here, even if the March 31 Order could be considered a final judgment as to one or more but fewer than all of the parties or claims, it did not contain the express finding as required by Rule 304(a). The March 31 Order stated, "[t]hese findings and this Court's orders are made as special findings consistent with Supreme Court Rule 304(a) for purposes of appeal." Although it made reference to Rule 304(a), it did not, however, contain reference to the justness of delaying enforcement or appealability or to the propriety of immediate appeal. Therefore, the order was not appealable under Rule 304(a).

¶ 26 Stephanie also asserts that the March 31 Order and June 9 Order were immediately appealable under Rule 304(b)(1), which provides that "a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is appealable without a written finding. Ill. S. Ct. R. 304(b)(1) (eff. March 8, 2016). Here, the circuit court entered orders during guardianship proceedings directing Stephanie to amend the Fourth Current Account to include SSI benefits and denying Stephanie's motion to reconsider. The question then is whether these orders finally determined a right or status of a party.

¶ 27 Only final orders are appealable under Rule 304(b)(1). *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 84; *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005). "It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." *Stephen*, 361 Ill. App. 3d at 1051. The Committee Comments regarding Rule 304 provide examples of final orders which are appealable under Rule 304(b)(1): "an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." Ill. S. Ct. R. 304, Committee Comments (rev. Sept. 1998). See also *Cushing*, 2012 IL App (1st) 100768, ¶¶ 83-85 (finding that a combination of orders that resulted in a change to an estate's administrator was appealable under Rule 304(b)(1)). The orders at issue do not fall under the types of orders contemplated by Rule 304(b).

¶ 28 Here, the circuit court on its own raised an issue with the Fourth Current Account and, after a hearing, ordered Stephanie to take certain corrective actions as to the Fourth Current Account, including accounting for Latrese's SSI benefits. The court did not approve or deny Stephanie's accounting but instead determined that it was incomplete and that additional actions were necessary before the account could be approved. Stephanie filed a motion to reconsider, which the circuit court denied. These orders by the circuit court did not finally determine the right or status

of any party and do not suggest finality. See *In re Estate of Rothmeier*, 2022 IL App (1st) 182214-U (holding that this court lacked jurisdiction to review the circuit court's rulings on objections to final accounts; ordering the guardian to revise its accounting of certain assets to include greater detail, provide an accounting or inventory of assets that the guardian failed to account for, provide documentation for actions that it took, and make specific disbursements; and denial of a motion to reconsider). Further, Stephanie, in her jurisdictional statement, has not provided any analysis or authority to support a conclusion that the orders were appealable under Rule 304(b)(1). Her brief does not demonstrate that the orders finally determined the right or status of any party.

¶ 29    We find that we lack jurisdiction over Stephanie's appeal where the March 31 Order and June 9 Order are not appealable under Rule 301, Rule 304(a), or Rule 304(b)(1). Therefore, we dismiss this appeal.

¶ 30    For the foregoing reasons, Stephanie's appeal from the circuit court's March 31 Order and June 9 Order is dismissed for want of jurisdiction.

¶ 31    Appeal dismissed.