2021 IL App (1st) 191885-U

THIRD DIVISION
March 3, 2021

No. 1-19-1885

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION, | ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 CH 6080 |
| | ) | |
| JAMES STEWART, UNKNOWN OWNERS AND RECORD CLAIMANTS, | ) ) ) | Honorable Fredderenna Lyle and Moshe Jacobius, Judges Presiding |
| Defendants-Appellants. | ) | |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed; orders from which plaintiff appeals were not final orders.

¶ 2    In 2017, plaintiff JPMorgan Chase Bank, National Association (Chase) filed a mortgage foreclosure suit against defendant James Stewart. After its initial filing, Chase discovered a defect in its pleading and voluntarily dismissed its case. Less than a year later, Chase refiled its case against Stewart. But the defect persisted, resulting this time in an involuntary dismissal.

¶ 3    Ultimately, Chase corrected the defect and moved to reinstate its case against Stewart and for leave to file an amended complaint. Stewart objected, but the court granted Chase's motion. Stewart then filed a motion for injunction. That motion, which raised essentially the same arguments Stewart marshalled in his opposition to Chase's motion to reinstate, sought to permanently enjoin Chase from prosecuting its reinstated foreclosure case against him. The circuit court denied that motion, and that is where we come in.

¶ 4    Stewart asks us to reverse (1) the circuit court's order granting Chase's motion to reinstate and (2) the order denying his motion for injunction. Because neither order from which Stewart appeals is actually appealable at this juncture, we dismiss the appeal.

¶ 5                                      BACKGROUND

¶ 6    This dispute began on June 7, 2017, when Chase filed a mortgage foreclosure lawsuit against Stewart in the circuit court of Cook County. That complaint was docketed as case No. 17 CH 7991. At some point after filing, Chase discovered that it had failed to comply with section 15-1503 of the Code of Civil Procedure (Code), which requires that, for property located in Cook County, the foreclosure plaintiff must send a copy of the notice of foreclosure to the alderman for the ward in which the real estate is located. See 735 ILCS 5/15-1503(b) (West 2016). As a result, on October 2, 2017, Chase voluntarily dismissed its case.

¶ 7    On November 3, 2017, Chase filed a second foreclosure complaint against Stewart. That case was docketed in the circuit court as case No. 17 CH 14700. In April 2018, Stewart filed a motion to dismiss, arguing that Chase had again failed to provide notice to his alderman, as required by section 15-1503 of the Code. On May 9, 2018, the circuit court granted Stewart's motion and dismissed Chase's complaint without prejudice.

¶ 8	On May 11, 2018, Chase filed a third foreclosure suit against Stewart, case No. 18 CH 6080. The same day, Chase mailed notice to Stewart's alderman.

¶ 9	On March 7, 2019, Chase filed a motion seeking to reinstate case No. 17 CH 14700 and for leave to file an amended complaint. In that motion, Chase explained that it wanted to reinstate that case to seek consolidation with the pending case, 18 CH 06080. Likewise, Chase explained that it was seeking leave to amend because it needed to add a claim for declaratory relief against U.S. Bank National Association to remove a potential cloud on the property's title.

¶ 10	On May 1, 2019, Stewart filed an opposition to Chase's motion to reinstate. He argued that Chase's attempt to reinstate its second foreclosure complaint violated the single-refiling rule. See 735 ILCS 5/13-217 (West 2016); *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 17. On July 16, 2019, the circuit court granted Chase's motion to reinstate (the first of two orders Stewart now appeals).

¶ 11	On August 22, 2019, Stewart filed a "Motion for Injunction" in case No. 17 CH 14700. In that motion, Stewart maintained that Chase sought to reinstate case No. 17 CH 14700 to avoid violating the single-refiling rule. Stewart sought "[i]injunctive relief up to and including permanent injunction for the filing of the foreclosure case." On August 29, 2019, the circuit court denied Stewart's motion (the other motion Stewart now appeals).

¶ 12	On September 16, 2019, Stewart filed his notice of appeal.

¶ 13	ANALYSIS

¶ 14	On appeal, Stewart claims that Chase violated the single-refiling rule by reinstating case No. 17 CH 14700 after previously dismissing case No. 17 CH 7991 and while case no. 17 CH 6080 was still pending. Before we can reach the merits of that claim, however, we must ensure that we have jurisdiction. *Vasquez Gonzalez v. Union Health Service, Inc.*, 2018 IL 123025, ¶ 8.

¶ 15    Generally, a party may only appeal a "final order." See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997); see also *Bauman v. Patterson*, 2018 IL App (4th) 170169, ¶ 34 ("A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution. [Citation.] When an order leaves a cause still pending and undecided, it is not a final order.").

¶ 16    The July 16, 2019 order granting Chase's motion to reinstate did not dispose of the parties' rights in any way. All that order did was clear the way for Chase to prosecute its claim against Stewart. It was not a final order, and thus we lack jurisdiction to consider it.

¶ 17    We likewise lack jurisdiction to consider Stewart's appeal of the court's August 22, 2019 order denying his "Motion for Injunction." To be sure, Illinois Supreme Court Rule 307 vests this court with jurisdiction to hears appeals from orders granting or denying an injunction. See Ill. S. Ct. Rule 307(a)(1) (eff. Nov. 1, 2017). Nonetheless, when analyzing a motion, we look to its substance, not its label. See *Betts v. City of Chicago*, 2013 IL App (1st) 123653, ¶ 12 ("[T]he substance of the motion, rather than the label, determines what the motion is ***.").

¶ 18    Here, Stewart's "Motion for Injunction" was really a motion to dismiss under section 2-619(a)(9) of the Code. That provision permits a defendant to move for involuntary dismissal if the plaintiff's claim is "barred by other affirmative matter avoiding the legal effect of or defeating the claim," which includes an alleged violation of the single-refiling rule. 735 ILCS 5/2-619(a)(9) (West 2016); see *Wilmington Savings Fund Society, FSB as Trustee of Residential Credit Opportunities Trust III v. Barrera*, 2020 IL App (2d) 190883, ¶¶ 15-16 (violation of single-refiling rule was "other affirmative matter" under section 2-619(a)(9)).

¶ 19    As Stewart's motion to permanently enjoin Chase from prosecuting its claim against him is properly understood as a 2-619 motion to dismiss, we lack jurisdiction to consider the August 29, 2019 order denying that motion. It is well established that the denial of a motion to dismiss, standing alone, is not an appealable order under Rule 307. *Mund v. Brown*, 393 Ill. App. 3d 994, 996 (2009); see *Saddle Signs, Inc. v. Adrian*, 272 Ill. App. 3d 132, 135 (1995) ("the denial of a motion to dismiss is not a final and appealable judgement[]" and "does not fall within the purview of any of the Supreme Court Rules concerning interlocutory appeals").

¶ 20    Indeed, if a motion to terminate a lawsuit dead in its tracks, based on some affirmative matter, could be considered "injunctive" in nature, then "every motion to dismiss would be a request for an injunction to stop a lawsuit and would be immediately appealable." *Stein v. Krislov*, 405 Ill. App. 3d 538, 542 (2010) (quoting *Mund,* 393 Ill.App.3d at 997). That is obviously not the case.

¶ 21    We express no opinion on Stewart's claim that Chase's actions here violated the single-refiling rule. We only hold that he cannot advance that claim in this Court at this early stage.

¶ 22                                    CONCLUSION

¶ 23    Because the court's July 16, 2019 order was not a final order, nor was the August 29, 2019 order an appealable interlocutory order, we lack jurisdiction to consider Stewart's appeal and thus dismiss it.

¶ 24    Appeal dismissed.